IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, for the use and benefit of, ASSET RECOVERY CONTRACTING, LLC, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 03-2860 Ml/An |
| SAFECO INSURANCE COMPANY OF AMERICA, ) ) ) ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND**
**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS MOOT**

Before the Court is Defendant's Motion for Summary Judgment, filed December 30, 2004. Plaintiff responded in opposition on February 1, 2005.[1] For the following reasons, the Court DENIES the motion.

This case arose out of two subcontract agreements to perform demolition work on a federally funded construction project

---

[1] In its opposition to Defendant's summary judgment motion, Plaintiff raised the issue of spoliation of evidence as an additional basis to deny the Defendant's motion. Defendant subsequently filed a Motion for Leave to File Reply Memorandum in Support of its Motion for Summary Judgment. In the motion, Defendant sought to specifically address the spoliation issues raised in Plaintiff's opposition. Because the Court is denying Defendant's summary judgment motion on other grounds, the Court DENIES as moot, Defendant's Motion for Leave to File Reply Memorandum in Support of its Motion for Summary Judgment.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-14-05

involving the Veterans Administration Medical Center in Memphis, Tennessee. Asset Recovery Contracting, LLC, brings this action against Safeco Insurance Company of America ("Safeco") pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*[2] In particular, Plaintiff brings this action on a payment bond issued by Safeco, as surety for Price-Davis Construction Co. ("PD"), the prime contractor on the project, for payment of amounts purportedly due under the subcontracts.

Plaintiff and PD entered into two subcontract agreements (the Soft Demolition Contract and the Hard Demolition Contract) to perform demolition work at the Veterans Administration Medical Center in Memphis, Tennessee. (Def.'s Mem. of Facts and Law in Supp. of Def.'s Mot. for Summ. J., ¶ 3.) The subcontracts required that Plaintiff substantially complete its work by August

---

[2] The Miller Act provides that an individual must furnish to the Government both a performance bond and a payment bond before the Government awards any contract of more than $100,000 to construct, alter, or repair any public building or public work of the Federal Government. 40 U.S.C. § 3131.
  In addition, § 3133(b)(1) of the Miller Act provides that:

> Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

40 U.S.C. § 3133(b)(1).

2

28, 2003. (Id., ¶ 4.) Plaintiff substantially completed all of its work and demobilized from the project by June 19, 2003. (Id., ¶ 5.)

While performing the subcontracts, Plaintiff would periodically send pay applications forms to PD in order to receive payment for work performed under the subcontracts. (Id., ¶ 6.) With the exception of three applications, each of the pay applications had a form attached entitled "Partial Waiver and Lien Release By Subcontractor/Supplier" ("Partial Waiver"). (Def.'s Mem. of Facts and Law in Supp. of Def.'s Mot. for Summ. J., Ex. H.) The three remaining Pay Applications had an attached form entitled "Waiver of Lien to Date."[3] (Id.) Each of the waivers contained a notarized signature of a representative from Plaintiff, and the Partial Waiver contained a space where Plaintiff could list unresolved claims outside the scope of the waiver. (Id., ¶ 8, Ex. H.) Plaintiff, however, did not list any such claims. (Id.)

Plaintiff submitted its last Partial Waivers on May 2, 2003, with Pay Application No. 12 and on July 24, 2003, with Pay Application No. 14 relating to the Soft Demolition Contract and

---

[3] The "Waiver of Lien to Date" was attached to: Pay Application No. 1 for the Hard Demolition Contract, submitted on July 26, 2002; Pay Application No. 2 for the Soft Demolition Contract, submitted on May 30, 2002; and Pay Application No. 3 for the Soft Demolition Contract, submitted on July 10, 2002. (Def.'s Mem. of Facts and Law in Supp. of Def.'s Mot. for Summ. J., Ex. H.)

3

Hard Demolition Contract respectively. (Def.'s Mem. of Facts and Law in Supp. of Def.'s Mot. for Summ. J., ¶ 12.) After submitting the above Pay Applications, Plaintiff received its final progress payments under the respective subcontracts. (Id.) On November, 6, 2003, Plaintiff submitted Pay Application No. 15 under both subcontracts, requesting change orders due to delay, plus retainage, in the amount of $304,779 under the Soft Demolition Contract and $420,721 under the Hard Demolition Contract.

Defendant moves for summary judgment on the ground that the Partial Waivers signed by Plaintiff's representatives bar Plaintiff from asserting its claim on the payment bond pursuant to the Miller Act. Upon reviewing the Plaintiff's submissions along with the entire record in this case, the Court finds that there remain genuine issues of material fact regarding whether Plaintiff waived any claims pursuant to the Miller Act. Fed. R. Civ. P. 56(c). Accordingly, the Court DENIES Defendant's motion for summary judgment.

IT IS SO ORDERED this 13 day of June, 2005.

                                  _____
                                  JON PHIPPS McCALLA
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:03-CV-02860 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Roy S. Cohen
COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC
1515 Market Street
11th Floor
Philadelphia, PA 19102

Kenneth Schrupp
SMITH & CASHION
424 Church St.
Ste. 1200
Nashville, TN 37219--230

John M. Gillum
MANIER & HEROD
150 4th Avenue North
Ste. 2200
Nashville, TN 37219--249

Joseph T. Getz
LESS GETZ & LIPMAN
100 Peabody Place
Ste. 1000
Memphis, TN 38103

Shawn R. Farrell
COHEN SEGLIAS PALLAS GREENHALL & FURMAN, PC
1515 Market Street
11th Floor
Philadelphia, PA 19102

Honorable Jon McCalla
US DISTRICT COURT